## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

|  |  |
|---|---|
| Jessica Martinez, | Case No. 8:25-cv-2320 |
| Plaintiff, | |
| v. | |
| First Premier Bank;<br>Equifax Information Services, LLC; and<br>Experian Information Solutions, Inc., | |
| Defendants. | |

## <u>COMPLAINT</u>

### <u>INTRODUCTION</u>

1.     This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

### <u>JURISDICTION AND VENUE</u>

2.     This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

### <u>PARTIES</u>

4.     Plaintiff is an individual residing in Polk County, FL.

5.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6.     Defendant First Premier Bank is a furnisher of consumer credit information to consumer reporting agencies.

7. Defendant Equifax Information Services, LLC is engaged in the business of maintaining and reporting consumer credit information for profit.

8. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

9. Defendant Experian Information Solutions, Inc. is engaged in the business of maintaining and reporting consumer credit information for profit.

10. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. In or about April 2025, Plaintiff obtained and reviewed a copy of Plaintiff's consumer credit reports.

12. On all three of Plaintiff's major credit reports, First Premier was reporting a tradeline for an account beginning in 5178, with an alleged balance of $726.

13. However, this account was previously paid and settled in full, and there was no balance due and owing.

14. The false information regarding the account appearing on Plaintiff's consumer report harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness, and overstates Plaintiff's credit utilization and liability.

15. Equifax and Experian published the false information regarding the account to third parties.

16. TransUnion corrected the false information to correctly note that the account was paid with a $0 past due balance.

17.    Plaintiff has lost time and incurred expense working to resolve the adverse information associated with the account to prevent further harm.

**WRITTEN DISPUTE**

18.    On or about May 13, 2025, Plaintiff sent a written letter to Equifax, Experian, and TransUnion disputing the inaccurate information regarding the account reporting on Plaintiff's consumer report, and requesting a description of the procedure used to determine the accuracy and completeness of the information Plaintiff was disputing.

19.    Equifax, Experian, and TransUnion forwarded Plaintiff's dispute to First Premier for reinvestigation.

20.    First Premier received notification of Plaintiff's dispute from Equifax, Experian, and TransUnion.

21.    First Premier failed to conduct a reasonable investigation, failed to contact Plaintiff or any third parties, and failed to review underlying account information with respect to the disputed information and the accuracy of the disputed information.

22.    Equifax and Experian failed to conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

23.    First Premier failed to instruct the credit bureaus to correct the false information reporting on Plaintiff's consumer report.

24.    Equifax and Experian employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's dispute.

25.     Equifax and Experian employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer report.

26.     At no point after receiving the disputes did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's dispute.

<u>**Count I – First Premier**</u>

<u>(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))</u>

27.     Plaintiff re-alleges and reaffirms paragraphs 1-6, 11-21, 23, and 26 as though fully set forth herein.

28.     After receiving Plaintiff's dispute, First Premier failed to correct the false information regarding the account reporting on Plaintiff's consumer reports.

29.     First Premier violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

30.     As a result of this conduct, action, and inaction of First Premier, Plaintiff suffered damages, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

31.     First Premier's conduct, action, and inaction was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

32.     In the alternative, First Premier was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

33.     Plaintiff is entitled to recover costs and attorneys' fees from First Premier pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### COUNT II – Equifax and Experian

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

34.     Plaintiff re-alleges and reaffirms paragraphs 1-5, 7-19, 22, 24-26 as though fully set forth herein.

35.     After receiving Plaintiff's dispute, Equifax and Experian failed to correct the false information reporting on Plaintiff's consumer report.

36.     Equifax and Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

37.     As a result of this conduct, action and inaction of Equifax and Experian, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

38.     The conduct, action, and inaction of Equifax and Experian was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

39.     In the alternative, Equifax and Experian acted negligently, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

40.     Plaintiff is entitled to recover costs and attorneys' fees from Equifax and Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT III – Equifax and Experian

#### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

41.     Plaintiff re-alleges and reaffirms paragraphs 1-5, 7-19, 22, 24-26 as though fully set forth herein.

42.     After receiving Plaintiff's dispute, Equifax and Experian failed to correct the false information reporting on Plaintiff's consumer report.

43.     Equifax and Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

44.     As a result of this conduct, action and inaction of Equifax and Experian, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

45.    The conduct, action, and inaction of Equifax and Experian was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

46.    In the alternative, Equifax and Experian acted negligently, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

47.    Plaintiff is entitled to recover costs and attorneys' fees from Equifax and Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1.    Trial by jury.

2.    Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3.    Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4.    The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5.    Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: August 29, 2025

> _/s/ Trescot Gear_
> Gear Law, LLC
> 711 South Howard Avenue, Suite 200
> Tampa, FL 33606
>
> Mailing Address:
> McCarthy Law, PLC
> 9200 E. Pima Center Pkwy. Ste. 300
> Scottsdale, AZ 85258
> Telephone: (602) 456-8900
> Fax: (602) 218-4447
> Attorney for Plaintiff